IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| JAMES D. ROBERTSON | ) | |
|     *Petitioner*, | ) | CIVIL ACTION NO. 3:10-2792-RBH-JRM |
| | ) | |
| v. | ) | |
| | ) | **MOTION FOR STAY OF EXECUTION** |
| JON OZMINT, Commissioner, | ) | **AND APPOINTMENT OF COUNSEL** |
|   South Carolina Department of Corrections | ) | |
|     *Respondent*. | ) | |
| | ) | |

**THIS IS A CAPITAL CASE.**
**JAMES ROBERTSON IS SCHEDULED TO BE EXECUTED ON NOVEMBER 19, 2010**

James D. Robertson is an indigent prisoner under sentence of death imposed by the York County, South Carolina, Court of General Sessions. He is scheduled to be executed on November 19, 2010. Through undersigned counsel, Mr. Robertson requests that this Court stay his imminent execution and appoint counsel to represent him in the preparation, presentation, and litigation of his first federal petition for a writ of habeas corpus. Specifically, Mr. Robertson requests that this Court appoint Keir M. Weyble and Emily C. Paavola of Columbia, South Carolina to represent him. In support of this Motion, counsel submit the following facts and argument.[1]

    **I.**     **RELEVANT PROCEDURAL HISTORY.**

Mr. Robertson was convicted of two counts of murder in York County, South Carolina in March, 1999. The South Carolina Supreme Court dismissed his direct appeal on June 3, 2005.

---

[1] Mr. Robertson has not yet completed an *In Forma Pauperis* Declaration and submitted it to the South Carolina Department of Corrections for certification in accordance with Rule 3(a) of the Rules Governing Section 2254 Cases. He is in the process of completing this form and submitting it to the appropriate authorities. In the interest of promptly initiating his request to stay his execution and for the appointment of counsel, however, Mr. Robertson has elected to file this motion at this time. Mr. Robertson was represented by state-appointed counsel at trial and throughout his state post-conviction relief proceedings. He will supplement these submissions with his completed documentation for *In Forma Pauperis* status as soon as he obtains his certified declaration.

On June 16, 2005, Mr. Robertson requested a stay of execution *pro se* to file an application for state post-conviction relief. The South Carolina Supreme Court granted this motion on July 7, 2005. Mr. Robertson's application for post-conviction relief was filed on March 1, 2006. Judge John C. Few denied post-conviction relief in a written order dated March 7, 2008. On October 6, 2010, the South Carolina Supreme Court denied Mr. Robertson's petition for a writ of certiorari. At that time, two hundred and seventy-one days (271) had elapsed on the one year limitations period for filing a federal habeas corpus petition as prescribed by 28 U.S.C. §2244(d).[2]

## II. THE COURT MUST APPOINT COUNSEL TO REPRESENT MR. ROBERTSON IN HIS FIRST FEDERAL HABEAS CORPUS PROCEEDING.

Pursuant to 18 U.S.C. § 3599, indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" in order to pursue federal habeas corpus remedies.[3] The right to counsel conferred by section 3559 attaches prior to the filing of a prisoner's habeas petition. As the Supreme Court has explained, absent this pre-petition right to counsel, condemned prisoners would not have meaningful access to the remedy of habeas corpus:

> Congress' provision of a right to counsel under [§3559] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because 'the

---

[2] The 271 days elapsed between the South Carolina Supreme Court's dismissal of Mr. Robertson's direct appeal on June 3, 2005, and the filing of the application for post-conviction relief on March 1, 2006. *See* 28 U.S.C. §2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); *see also Artuz v. Bennett*, 531 U.S. 4 (2000) (construing the statutory phrase "properly filed application"). The 94 days remaining on Mr. Robertson's limitations period began to run following the South Carolina Supreme Court's October 6, 2010 denial of his petition for writ of certiorari. Thus, Mr. Robertson has until January 8, 2011 to file his federal habeas corpus petition.

[3] This statutory provision was formerly located at 21 U.S.C. § 848(q)(4)(B). Effective October 12, 2008, Congress moved this provision to 18 U.S.C. § 3599.

> complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law.'

*McFarland v. Scott*, 512 U.S. 849, 855-856 (1994) (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

In construing section 3599 to require appointment of counsel prior to the filing of the petition, the Supreme Court explained that Congress provided for investigative and expert resources to be made available to counsel upon request and a showing of need. Since these services "may be critical in the pre-application phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," Congress clearly intended counsel to be appointed prior to the filing of the habeas petition. *McFarland*, 512 U.S. at 855. It is thus plain that the right to counsel conferred by section 3599 is a right to assistance in identifying, developing, and pleading all available claims for relief, including the record-based claims already raised in the state trial and appeal proceedings, as well as the claims not raised in those proceedings because they are derived from non-record facts which require access to investigative and expert resources.

The appointment provision of 18 U.S.C. § 3599 requires appointment of at least one attorney who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years experience in the handling of appeals in that court in felony cases. §3599(b). Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of litigation." §3599(d).

Keir M. Weyble is a 1996 graduate of the University of South Carolina School of Law, and presently serves as Director of Death Penalty Litigation and Adjunct Professor at Cornell Law School.  Since 1996, his practice has been concentrated almost exclusively on the defense of capital cases in the state and federal courts.  Mr. Weyble is a nationally recognized expert and frequent lecturer and consultant on federal habeas corpus law.  He has served as counsel (non-arguing) for the prisoner in five habeas corpus cases decided by the Supreme Court of the United States, and as appointed counsel for the petitioner in capital habeas corpus cases in the United States Courts of Appeals for the Fourth and Fifth Circuits, and in the United States District Courts for the District of South Carolina, the Middle District of Alabama, and the Northern and Southern Districts of Mississippi. Mr. Weyble is a member in good standing of the South Carolina Bar, and the Bars of the United States District Court for the District of South Carolina, the United States Courts of Appeals for the Fourth and Fifth Circuits, and the Supreme Court of the United States.

Emily C. Paavola is the current Executive Director of the Death Penalty Resource & Defense Center.  Ms. Paavola is a 2005 graduate of Cornell Law School.  After law school, she served as a Project Fellow for the Cornell Death Penalty Project in Ithaca, New York and then practiced as an associate in the business litigation practice group at Baker & Daniels LLP in Indianapolis, Indiana where she handled civil matters primarily in the United States District Court for the Southern District of Indiana. Ms. Paavola moved to South Carolina in 2008, and she was admitted to practice in South Carolina on May 26, 2009.  She is in the process of completing the requirements listed in Rule 403(b) of the South Carolina Appellate Court Rules, but she has not yet completed all of the required trial experiences.  Thus, in conjunction with this Motion For Stay Of Execution And Appointment Of Counsel, she has filed the appropriate forms

and fee for admission to this Court pro hac vice.[4] Mr. Weyble will comply with the requirements for local counsel. He has conferred with opposing counsel regarding the motion for Ms. Paavola's admission *pro hac vice* and confirmed that there is no opposition to this motion. *See Motion in Support of Application for Admission Pro Hac Vice,* filed concurrently. Ms. Paavola currently serves as co-counsel in the representation of four death-sentenced inmates in state post-conviction proceedings in South Carolina. She is a member in good standing of the South Carolina Bar, and the Bars of Indiana, New York, and the United States District Court for the Southern District of Indiana.

### III. CONCLUSION.

Wherefore, for the foregoing reasons, this Court should enter an order appointing Keir M. Weyble and Emily C. Paavola to assist Mr. Robertson in the preparation and filing of a timely petition for habeas relief.

Respectfully submitted,

KEIR M. WEYBLE Fed. ID # 7888
Blume Weyble & Norris, LLC
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044

EMILY C. PAAVOLA
Death Penalty Resource & Defense Center
P.O. Box 11311
Columbia, SC 29211
(803) 765-1044


BY: s/Keir M. Weyble

October 27, 2010 .

---

[4] Ms. Paavola will notify this Court as soon as her completed Rule 403 certificate has been filed and approved.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| JIMMY ROBERTSON | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| JON OZMINT, Commissioner, | ) | |
| South Carolina Department of Corrections | ) | |
| *Respondent*. | ) | |
| | ) | |

I, Emily C. Paavola, hereby certify that I have this date served the Motion for Appointment of Counsel in the above-captioned case upon counsel for respondent via U.S. mail, postage prepaid, and addressed as follows:

>William Edgar Salter, III, Esquire
>Senior Assistant Attorney General
>Office of the Attorney General
>Post Office Box 11549
>Columbia, South Carolina  29211


                                        s/Emily C. Paavola

October 27, 2010.