| | |
|---|---|
| James D. Robertson, ) | Misc. No. 6:10-mc-00158-SB-BHH |
| Petitioner, ) | |
| v. ) | **ORDER STAYING EXECUTION** |
| ) | **OF SENTENCE OF DEATH** |
| Jon Ozmint, Commissioner, South Carolina ) | |
| Department of Corrections, ) | |
| Respondent. ) | |

This matter is before the Court upon the Petitioner's Motion for Stay of Execution, filed on October 27, 2010. The Petitioner has also filed a Motion to Appoint Counsel and a Motion for Leave to Proceed *In Forma Pauperis* in this case, which will be addressed in a separate order. The Petitioner is an inmate under a sentence of death, which was entered by the Court of General Sessions for York County in March of 1999. The Petitioner's sentence stems from convictions for two counts of murder, and he is scheduled to be executed on November 19, 2010.[1] The Respondent filed a response to the Petitioner's Motion for Stay of Execution on November 1, 2010. The Respondent does not oppose a stay in this matter.

A stay of execution for a state sentence of death is governed by 28 U.S.C. § 2251(a)(3) and *McFarland v. Scott*, 512 U.S. 849 (1994).[2] "The federal habeas corpus statute grants any federal

---

[1] The Supreme Court of South Carolina issued an order notifying the Director of the Department of Corrections that pursuant to S.C. Code Ann. § 17-25-370, the execution is to take place "on the fourth Friday after the service upon you or receipt of this notice." The order was issued on October 27, 2010.

[2] Chapter 154 of Title 28 contains special habeas corpus procedures in capital cases if specified criteria are met. *See* 28 U.S.C. §§ 2261-2266. The USA Patriot Improvement and Reauthorization Act of 2005, Public Law 109-177, amended Chapter 154 to include the requirement of certification by the Attorney General of the United States. *See* 28 U.S.C. §

judge 'before whom a habeas corpus proceeding is pending' power to stay a state-court action 'for any matter involved in the habeas corpus proceeding.'" *McFarland*, 512 U.S. at 857 (*citing* 28 U.S.C. § 2251). Once a capital defendant invokes his right to appointed counsel under 18 U.S.C. § 3599, a federal court has jurisdiction under section 2251 to enter a stay of execution. *Id.* at 858. This Court has jurisdiction to issue a stay, and the Court finds that there is insufficient time before the scheduled execution for the Petitioner "meaningfully to research and present [his] habeas claims." *Id.* The Petitioner indicates that his federal habeas corpus petition will be filed by January 8, 2011. Therefore, the Court finds that the Petitioner is entitled to stay of execution pending his pursuit of federal habeas corpus relief.

**IT IS ORDERED that the Petitioner's Motion for Stay of Execution is GRANTED.**

Sol Blatt, Jr.
Senior United States District Judge

November 4, 2010
Charleston, South Carolina

---

2261(b). Chapter 154 further states that "[i]t shall apply only if the provisions of subsection (b) and (c) are satisfied." 28 U.S.C. § 2261(a). Those provisions have not been met, so Chapter 154 is inapplicable in this case.

2