IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| JAMES D. ROBERTSON, #5067 | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | **2:11-cv-00063-TMC-MGB** |
| v. | ) | |
| | ) | CAPITAL CASE |
| JON OZMINT, Commissioner, | ) | |
| South Carolina Department of Corrections,[1] | ) | |
| | ) | |
| Respondent | ) | |

**PETITIONER'S MOTION TO SUBSTITUTE COUNSEL**

Pursuant to 18 U.S.C. § 3599(e), Petitioner James D. Robertson, through counsel, respectfully moves this Court for an order appointing the Federal Public Defender for the Western District of North Carolina ("FPD-WDNC")—through its Capital Habeas Unit for the Fourth Circuit ("the CHU")—as substitute counsel for John H. Blume and Keir M. Weyble in the above-captioned federal habeas corpus proceedings and the remaining post-conviction process anticipated by 18 U.S.C. § 3599. *Martel v. Clair*, 132 S. Ct. 1276, 1281 (2012) (holding that courts should employ an "interests of justice" standard to adjudicate federal habeas petitioners' motions to substitute counsel in capital cases).

1.  Mr. Robertson is an indigent prisoner in the custody of Respondents on South Carolina's death row. Following the conclusion of his direct appeal and state post-conviction proceedings, Mr. Robertson initiated the above-captioned federal habeas corpus proceedings on October 27, 2010, by filing a motion for stay of execution and for the appointment of counsel pursuant to 18

---

[1] Petitioner agrees with Respondent that the caption should be amended to replace Jon Ozmint with Bryan P. Stirling, Director of the South Carolina Department of Corrections, and Lydell Chestnut, Deputy Warden of Broad River Correctional Secure Facility.

U.S.C. § 3599. (ECF No. 1).  This Court subsequently entered orders appointing John H. Blume as lead counsel, with Keir M. Weyble and Emily Paavola as co-counsel. (ECF Nos. 14, 17.) On January 7, 2011, Mr. Robertson filed a petition for writ of habeas corpus (ECF No. 20) and a motion to stay these proceedings for exhaustion of state remedies (ECF No. 21). This Court granted that motion on April 8, 2011. (ECF No. 44.)

2.      On March 12, 2025, the Supreme Court of South Carolina denied Mr. Robertson's petition for a writ of certiorari. (ECF No. 225.) The state court issued the remittitur on March 28, 2025, bringing his state court proceedings to a close. This Court ordered Mr. Robertson to file a response as "to whether the stay may be lifted or should continue" by April 11, 2025.  (ECF No. 226.)

3.      For the purposes of that response and for subsequent litigation in this proceeding, Mr. Robertson needs substitute counsel. Mr. Blume and Mr. Weyble serve as full time faculty members at Cornell Law School in Ithaca, New York, and lack both the time and logistical flexibility necessary to provide effective representation for the upcoming stages of Mr. Robertson's case. Mr. Robertson accordingly moves this Court to appoint the CHU as substitute counsel alongside Ms. Paavola, who is able to continue her representation of Mr. Robertson.

4.      18 U.S.C. § 3599 entitles Mr. Robertson "to the appointment of one or more attorneys" to represent him throughout these proceedings and "all available post-conviction process," which also includes "applications for stays of execution" and "competency proceedings and proceedings for executive or other clemency as may be available to the defendant," and the provision of "investigative, expert, or other services…reasonably necessary for the representation of the defendant[.]" 18 U.S.C. § 3599(e).

5.      In December 2020, the Fourth Circuit established the CHU to provide the full scope of representation mandated by § 3599(e) for indigent, death-sentenced prisoners within that court's

appellate jurisdiction. This CHU, which operates circuit-wide, has a staff of attorneys with specialized expertise in capital jurisprudence and who meet the qualification standards set forth in § 3599(b) and (c). Further, the appointment of the CHU will ensure the provision of the expert services and resources that §3599 requires without the submission of requests and vouchers to this Court.

6. The appointment of the CHU alongside Ms. Paavola is consistent with the Judicial Conference's guidelines for the appointment of counsel in federal capital habeas corpus cases involving challenges to state court judgments. Those guidelines emphasize that a capital habeas petitioner "is *entitled* to the appointment of one or more qualified attorneys" and that, "[d]ue to the complex, demanding and protracted nature of death penalty proceedings, judicial officers should appoint *at least* two counsel." Guide to Judiciary Policy, Vol 7A, § 620.10.20. Moreover, this Court's plan for implementing the Criminal Justice Act ("CJA Plan") directs the appointment of "at least two attorneys" and permits the utilization of expert services through the Administrative Office of the United States ("AO"), which includes out-of-district federal defender offices and capital habeas units, in order "to achieve cost and other efficiencies together with high quality representation." CJA Plan XIII(F)(2)-(3). The CJA Plan specifically highlights the importance of "distinguished prior experience" in federal post-conviction and capital post-conviction representation under 2254. CJA Plan XIII(F)(6)-(7). Likewise, the CJA Plan permits the Court to consider the commitment of counsel to capital representation and willingness to zealously represent the petitioner. *Id*. at XIII(F)(9).

7. Per the guidelines promulgated by the Judicial Conference for the United States Courts, cases "assigned to a federal public . . . defender organization . . . should be made in the name of the organization . . . rather than in the name of an individual staff attorney within the

organization,"[2] and "federal public defenders . . . should be responsible for the assignment of cases within their own offices."[3] Upon appointment by this Court, the Federal Public Defender, John G. Baker, and the CHU Chief, Gerald W. King, Jr.,[4] intend to assign this case to Teresa L. Norris.[5]

8.   This Court has previously appointed the CHU alongside a CJA Panel attorney like Ms. Paavola. *See, e.g.*, *Torres v. Stirling*, 6:23-mc-00571-BHH-KFM ECF No. 13 (D.S.C. Order Sep. 5, 2023); *Owens v. Stirling*, 0:16-cv-02512-TLW, ECF No. 237 (D.S.C. Order Apr. 8, 2021).

9.   On March 28, 2025, Mr. King and Ms. Norris met with Mr. Robertson to discuss this motion and he consented to its filing.

---

[2] *See* Guide, Vol 7A, § 220 (available at https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-220-appointment-counsel) (visited January 31, 2025).

[3] *See* Guide, Vol 7A, § 440 (available at https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-4-ss-440-assignment-cases#a440) (visited January 31, 2025).

[4] Mr. King has more than twenty years of experience in federal capital habeas proceedings and appeals. Mr. King has been the Chief of the CHU for the past four years. He previously served as a staff attorney in the CHU for the Northern District of Georgia and with the Equal Justice Initiative of Alabama. Mr. King has been admitted to practice before: the Supreme Court of the United States; the U.S. Courts of Appeals for the Fourth, Eleventh, and D.C. Circuits; the U.S. District Courts for the Western and Middle Districts of North Carolina, the Northern and Middle Districts of Georgia, the District of Columbia, and the Supreme Courts of North Carolina, Georgia, and Alabama.

[5] Ms. Norris has been a member in good standing of the South Carolina bar since November 1990. She has directly represented approximately fifty (60) indigent capital defendants in various stages of court proceedings, including state capital trials, as well as numerous state post-conviction relief proceedings and federal habeas proceedings. Her most recent appearances in federal habeas proceedings are for death-sentenced inmates from South Carolina, North Carolina, and Virginia, as well as appearances in 2255 post-conviction proceedings and on direct appeal for federally death sentenced inmates sentenced in the Western District of Missouri and the Eastern District of Virginia. *See, e.g.*, *United States v. Council*, 4:17-cr-00866-JD; *Torres v. Stirling*, 6:23-mc-00571-BHH-KFM; *Bowman v. Stirling*, 45 F.4th 470 (4th Cir. 2022); *Williams v. Stirling*, 914 F.3d 302 (4th Cir. 2019); *Morva v. Zook*, 821 F.3d 517 (4th Cir. 2016); *Purkey v. United States*, 729 F.3d 860 (8th Cir. 2013); *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013).

10.　　For the foregoing reasons, and in the interests of justice, Mr. Robertson moves this Court to appoint the FPD-WNC, through the CHU, alongside Ms. Paavola as his counsel pursuant to 18 U.S.C. § 3599.

　　This, the 31st day of March, 2025.

　　　　　　　　　　　　　　　　　　s/ Emily C. Paavola
　　　　　　　　　　　　　　　　　　900 Elmwood Ave., Suite 200
　　　　　　　　　　　　　　　　　　Columbia, SC 29201
　　　　　　　　　　　　　　　　　　(803) 834-0835
　　　　　　　　　　　　　　　　　　Emily@justice360sc.org

　　　　　　　　　　　　　　　　　　JOHN G. BAKER
　　　　　　　　　　　　　　　　　　Federal Public Defender for the
　　　　　　　　　　　　　　　　　　Western District of North Carolina

　　　　　　　　　　　　　　　　　　/s/ Gerald W. King, Jr.
　　　　　　　　　　　　　　　　　　GERALD W. KING, JR.
　　　　　　　　　　　　　　　　　　Chief, Capital Habeas Unit
　　　　　　　　　　　　　　　　　　For the Fourth Circuit

　　　　　　　　　　　　　　　　　　129 West Trade Street, Suite 300
　　　　　　　　　　　　　　　　　　Charlotte, NC 28202
　　　　　　　　　　　　　　　　　　(704) 688-6946
　　　　　　　　　　　　　　　　　　Gerald_King@fd.org