# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| James D. Robertson, | ) | Case No.: 2:11-cv-00063-TMC-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Jon Ozmint, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon a Motion to Substitute Attorney (Dkt. No. 228) filed by Petitioner James D. Robertson ("Petitioner"), an indigent prisoner. The motion asks the Court to withdraw the appearance of John H. Blume and Keir M. Weyble as counsel and appoint the Federal Public Defender ("FPD") for the Western District of North Carolina—through its Capital Habeas Unit ("CHU") for the Fourth Circuit—to litigate this case. (*Id*. at 1.) The motion indicates that substitute counsel is necessary because "Mr. Blume and Mr. Weyble serve as full time faculty members at Cornell Law School in Ithaca, New York, and lack both the time and logistical flexibility necessary to provide effective representation for the upcoming stages of Mr. Robertson's case." (*Id*. at 2.) The motion also indicates that Emily Paavola, one of Petitioner's current attorneys through Justice 360, will remain on the case and will work alongside substitute counsel.

Petitioner's motion notes that "[p]er the guidelines promulgated by the Judicial Conference for the United States Courts, cases 'assigned to a federal public . . . defender organization . . . should be made in the name of the organization . . . rather than in the name of an individual staff attorney within the organization.'" (Dkt. No. 228 at 3–4, referencing Guide, Vol 7A, § 220 (available at https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-

ss-220-appointment-counsel) (visited January 31, 2025)). Petitioner's motion further notes that, per the guidelines, "'federal public defenders . . . should be responsible for the assignment of cases within their own offices." (*Id.* at 4, referencing Guide, Vol 7A, § 440 (available at https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-4-ss-440-assignment-cases#a440) (visited January 31, 2025)). Finally, Petitioner's motion indicates that "[u]pon appointment by this Court, the Federal Public Defender, John G. Baker, and the CHU Chief, Gerald W. King, Jr., intend to assign this case to Teresa L. Norris," who "has been a member in good standing of the South Carolina bar since November 1990" and "has directly represented approximately fifty [] indigent capital defendants in various stages of court proceedings, including state capital trials, as well as numerous state post-conviction relief proceedings and federal habeas proceedings." (*Id.* at 4, n.5.) Respondent takes no position on Petitioner's request.

Pursuant to 18 U.S.C. § 3599(a)(2), indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" to pursue federal habeas corpus remedies. Further, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). Pursuant to the District of South Carolina's plan for implementing the Criminal Justice Act ("CJA"), this court maintains a panel of qualified attorneys available to represent indigent defendants. *See Standing Orders – Amended CJA Plan for the District of South Carolina*, Case No. 3:20-mc-00027 (D.S.C. Jan. 22, 2020) ("CJA Plan"). Recognizing the particular complexity of capital cases, the CJA Plan instructs the court to utilize the expert services available through the Administrative Office of the United States Courts, which include capital habeas units and federal community defender offices, where appropriate. CJA Plan § XIII(B)(4). Further, "[a]ll attorneys appointed in federal capital cases must be well qualified, by virtue of their training, commitment, and distinguished prior

capital defense experience at the relevant stage of the proceeding, to serve as counsel in this highly specialized and demanding litigation" and "must have sufficient time and resources to devote to the representation, taking into account their current caseloads and the extraordinary demands of federal capital cases." *Id*. § XIII(B)(6), (7).

Upon review, the undersigned finds that the CHU is qualified to represent Petitioner. Indeed, the Court of Appeals for the Fourth Circuit established the CHU to provide qualified representation to indigent, death-sentenced prisoners. The CHU's staff attorneys have specialized expertise in capital litigation and are each qualified under § 3599's standards. Ms. Norris appears to be no exception. Accordingly, Petitioner's motion (Dkt. No. 228) is **GRANTED**. Subject to the filing and approval of any requisite motions to appear *pro hac vice* pursuant to this Court's Local Rules, the Court **DIRECTS** that the relevant CHU attorneys should be substituted for John H. Blume and Keir M. Weyble as counsel of record for Petitioner, serving alongside Ms. Paavola. Notices of appearance and/or necessary motions seeking *pro hac vice* admission shall be filed no later than **Monday, April 7, 2025**.[1]

       **IT IS SO ORDERED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 3, 2025
Charleston, South Carolina

---

[1] All counsel are reminded that by accepting appointment they are indicating their willingness and availability to represent Petitioner to the full extent of their professional ability in all phases of this litigation. Counsel should advise the court immediately if their current caseload does not permit this level of representation.