IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAMES D. ROBERTSON, #5067 ) | |
| ) | |
| Petitioner ) | |
| ) | **2:11-cv-00063-TMC-MGB** |
| v. ) | |
| ) | CAPITAL CASE |
| BRYAN P. STIRLING, Commissioner, ) | |
| South Carolina Department of Corrections, ) | |
| And LYDELL CHESTNUT, Deputy ) | |
| Warden, Broad River Correctional Secure ) | |
| Facility, ) | |
| Respondent ) | |

**APPOINTED COUNSEL'S RESPONSE TO RESPONDENTS' REPLY (ECF 243)
REGARDING PETITIONER'S PRO SE MOTION (ECF 234)**

Appointed counsel for James D. Robertson, the petitioner in the above-captioned matter, respectfully submit their response to Respondents' Reply (ECF 243) to Counsel's Response to this Court's order (ECF 241) regarding Robertson's pro se motion seeking to relieve counsel (ECF 234), with the ultimate stated goal being to waive these proceedings, which will result in his execution by the State of South Carolina.

Respondents state repeatedly that "no cause has been shown to warrant rejection" of Robertson's request to proceed pro se. ECF 243 ("Reply") at 1, 2, 3. Respondents ignore the obvious, however, which is that appointed counsel did not ask this Court to reject Robertson's request to proceed pro se. Counsel's specific request was only this:

> Counsel request 120 days for an evaluation of Robertson's competency to waive these proceedings and the conditions underlying his current wish to expedite his death sentence and to allow counsel time to familiarize themselves with the state court record in order to be able to adequately advise Robertson of the nature of the claims and proceedings that he is waiving.

ECF 241 at 1.

Respondents assert that there is no prior finding of incompetence or significant "limitations" that might impair Robertson's ability to make a voluntary, knowing, and intelligent waiver. Reply at 4. Respondents' claim rests on stale and incomplete information. The evaluation of competence by a mental health expert that Respondent relies on was conducted in March 1999– prior to trial and more than 26 years ago. ECF 42-1 at 62-63. Likewise, the state court hearing to determine Robertson's competence and ability to proceed pro se on direct appeal was conducted in October 2002, Oct. 10, 2002 Transcript, C-Track Direct Appeal Case File[1] [hereinafter "C-Track"] at 316-349]. The hearing to determine Robertson's competence and ability to waive his right to direct appeal was conducted in February 2005. Feb. 22, 2005 Transcript, C-Track at 23-50. Moreover, those state court hearings involved only the state judge questioning Robertson. The state court did not order a mental health evaluation and heard from no experts in either of the hearings related to Robertson's desire to proceed pro se or to waive direct appeal.

More critically, a determination of competence is an evaluation of a person's "sufficient **present** abilit[ies]." *Drope v. Missouri*, 420 U.S. 162, 172 (1975) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (emphasis added). Even if a person is competent prior to the beginning of a proceeding or at the beginning of the proceedings, circumstances can change that draw trial competence into doubt. *Drope*, 420 U.S. at 174, 181; *Pate v. Robinson*, 383 U.S. 375, 385 (1966) (Stipulation of doctor's finding of defendant's competence to stand trial two to three months before trial was some evidence of defendant's competence but was not dispositive of the issue of defendant's competence at the time of trial). Moreover, a person may well be found competent to stand trial but subsequently be incompetent to be executed. *Ford v. Wainwright*, 477 U.S. 399, 402

---

[1] Available at https://ctrack.sccourts.org/public/caseView.do?csIID=11889 (last visited Apr. 23, 2025).

(1986); *Panetti v. Quarterman*, 551 U.S. 930, 934 (2007) ("Prior findings of competency do not foreclose a prisoner from proving he is incompetent to be executed because of his present mental condition.").[2] Any findings of competence and ability to making knowing, intelligent, and voluntary waivers from more than two decades ago provide only minimal assistance to this Court now. They certainly do not resolve the issues before the Court at present.

Moreover, Respondents suggest that this Court should resolve this issue simply by engaging in "a colloquy with Petitioner," Reply at 9, which Respondents suggest can be handled "efficient[ly] and effective[ly]" on a "virtual platform," Reply at 1 n.1. This Court should reject this suggestion outright. A colloquy with a Petitioner and observation of his demeanor is no substitute for an adequate mental health evaluation and hearing on competence. *Drope, supra*.

And, as Respondents state in their reply, that is not the issue before this Court in any event. Reply at 6. Appointed counsel have not asserted that Robertson is incompetent or that his motion should be denied. Counsel asked only for 120 days to have Robertson examined by mental health experts and for counsel to be able to familiarize themselves with the voluminous record in the case so that counsel may adequately advise Robertson of the nature of the claims and proceedings that he is attempting to waive.

---

[2] Moreover, the question of competency to be executed is only ripe for determination when execution is imminent. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998).

This, the 7th day of May, 2025.

                                                s/ Teresa L. Norris
TERESA L. NORRIS #6447
Capital Habeas Unit
For the Fourth Circuit
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 688-6946
Teresa_Norris@fd.org

JOHN G. BAKER
Federal Public Defender for the
Western District of North Carolina

GERALD W. KING, JR.
Chief, Capital Habeas Unit
For the Fourth Circuit

EMILY C. PAAVOLA #11488
900 Elmwood Ave., Suite 200
Columbia, SC 29201
(803) 834-0835
Emily@justice360sc.org