# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| James D. Robertson, ) | Case No.: 2:11-cv-00063-TMC-MGB |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Bryan P. Stirling, and Lydell Chesnut, ) | |
| ) | |
| Respondents. ) | |
| ) | |

On April 8, 2011, the Court stayed the instant capital habeas case pending resolution of Petitioner's state court post-conviction relief ("PCR") proceedings. (Dkt. No. 44.) On March 12, 2025, a status report filed by Respondent indicated that the South Carolina Supreme Court had denied Petitioner's request for further review, and that the stay in this case should be lifted. (Dkt. No. 225.) The Court then entered an order directing Petitioner to file a response to Respondent's status report by April 11, 2025. (Dkt. No. 226).

On March 31, 2025, attorneys John H. Blume and Keir M. Weyble filed a motion to be relieved and for substitution of counsel. (Dkt. No. 228.) The motion asked the Court to withdraw the appearance of John H. Blume and Keir M. Weyble as counsel and appoint the Federal Public Defender for the Western District of North Carolina—through its Capital Habeas Unit ("CHU") for the Fourth Circuit—to litigate this case. (*Id*. at 1.) The motion indicated that "[u]pon appointment by this Court, the Federal Public Defender, John G. Baker, and the CHU Chief, Gerald W. King, Jr., intend to assign this case to Teresa L. Norris," who "has been a member in good standing of the South Carolina bar since November 1990" and "has directly represented approximately fifty [] indigent capital defendants in various stages of court proceedings, including state capital trials, as well as numerous state post-conviction relief proceedings and federal habeas

proceedings." (*Id*. at 4, n.5.) Finally, the motion noted that Emily Paavola, one of Petitioner's attorneys through Justice 360, would remain on the case and work alongside substitute counsel. (*Id*. at 2.) Respondent took no position on Petitioner's request. Upon review, the undersigned determined that the CHU was qualified to represent Petitioner and granted the motion. (Dkt. No. 228.)

A few days later, on April 7, 2025, the Court received a letter from the Petitioner wherein he indicated that he had asked attorney Paavola to withdraw his federal habeas petition, but she would not do so. (Dkt. No. 234.) The letter noted that Petitioner and attorney Paavola "have a difference of opinion as to what is in [Petitioner's] best interest and it is unlikely either [] will cede." (*Id*.) The letter therefore requested that the Court relieve Petitioner's attorneys and allow him to proceed *pro se*. (*Id*.) Accordingly, the letter was filed as a Motion to Relieve Attorneys and Proceed *Pro Se*. (*Id*.)

On April 10, 2025, the Court entered an order requiring all attorneys to respond to the Petitioner's letter and motion by April 23, 2025. (Dkt. No. 236.) Petitioner's counsel responded by requesting 120 days to evaluate Petitioner's mental competency and review the case materials. (*Id*.) Counsel for Respondent replied on May 2, 2025, opposing the request of Petitioner's counsel and instead submitting that the Court should engage in a colloquy with Petitioner to determine whether his request was made intelligently and voluntarily. (Dkt. No. 243.)

Upon review, the Court finds it most judicious to appoint independent counsel for the limited purpose of advising Petitioner regarding his Motion to Relieve Attorneys and Proceed *Pro Se* (Dkt. No. 234). Indeed, this case presents extenuating circumstances in that Petitioner's motion conveys an expressed intent to withdraw his federal habeas petition if his current counsel is relieved, in which case Petitioner will be executed. (*Id*.) Independent counsel must therefore be

appointed to ensure that Petitioner is aware of the consequences of relieving his counsel and withdrawing his petition. Further, pursuant to 18 U.S.C. § 3599(a), indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" to pursue federal habeas corpus remedies. Thus, the Court is within its discretion to appoint independent counsel in this instance.

Pursuant to the District of South Carolina's plan for implementing the Criminal Justice Act, "[a]ll attorneys appointed in federal capital cases must be well qualified, by virtue of their training, commitment, and distinguished prior capital defense experience at the relevant stage of the proceeding, to serve as counsel in this highly specialized and demanding litigation" and "must have sufficient time and resources to devote to the representation, taking into account their current caseloads and the extraordinary demands of federal capital cases." *See Standing Orders – Amended CJA Plan for the District of South Carolina*, Case No. 3:20-mc-00027 (D.S.C. Jan. 22, 2020). Here, the Court has determined that attorney John L. Warren, III has the requisite qualifications, training, commitment, and experience to serve as independent counsel in this case for the limited purpose of advising Petitioner regarding his Motion to Relieve Attorneys and Proceed *Pro Se* (Dkt. No. 234). Attorney Warren is instructed to **file a status report with the Court within forty-five (45) days** indicating whether Petitioner understands the implications of his motion—specifically, the procedural posture of the case and the consequences of withdrawing his petition. The case remains stayed at this time, and the Court will issue further instructions, as necessary, following receipt of attorney Warren's status update.

**IT IS SO ORDERED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 19, 2025
Charleston, South Carolina