**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

JAMES D. ROBERTSON, # 5607,

Plaintiff,

v.

JOEL ANDERSON, DIRECTOR, SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, LYDELL CHESTNUT, DEPUTY DIRECTOR BROAD RIVER CORRECTIONAL SECURE FACILITY, DR. ANDREW HEDGEPATH, CHIEF OF PSYCHIATRY

Defendants.

Case No. 2:26-cv-3773-TMC-MGB

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

Plaintiff, James D. Robertson (Robertson), complaining of Defendants, respectfully shows:

## INTRODUCTION

1. This is an action for declaratory and injunctive relief brought by Robertson, an inmate in the custody of the South Carolina Department of Corrections (SCDC), based upon 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Eighth Amendment to the United States Constitution which protects Robertson's right to be free from cruel and unusual punishment, 28 U.S.C. §§ 2201 – 2202, S.C. Code Ann. § 15-53-10 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

2. Robertson alleges that the Defendants named above have engaged in acts or omissions that reflect a deliberate indifference to Robertson's critical medical condition by denying Robertson timely and appropriate treatment for known and well-documented significant psychiatric illness. As a result, Robertson suffers from deteriorating mental health that has

caused him to taken actions which harm his material interests and threaten to cause Robertson to suffer permanent injury.

## PARTIES, JURISDICTION AND VENUE

3. Robertson is in the custody of the SCDC, housed at Broad River Secure Facility in Columbia, South Carolina.

4. At all times relevant and, on information and belief, Defendants Joel Anderson, Lydell Chestnutt, and Dr. Anderew Hedgepath, were residents of the District of South Carolina and employed by SCDC, which is located in the District of South Carolina.

5. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(3), and venue is proper under 28 U.S.C. § 1391(b)(2) and/or (3), because the acts and omissions supporting Robertson's claims occurred in the District of South Carolina and at least one defendant is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6. On or about March 26, 1999, Robertson was given a death sentence by the Court of General Sessions, York County, South Carolina. Since then, he has been housed on death row, which is currently located within the Broad River Secure Facility in Columbia, South Carolina.

7. Prior to his incarceration, Robertson was diagnosed with significant psychiatric illness. Those diagnoses are known to the Defendants and have been confirmed since his incarceration with SCDC. Throughout his incarceration, Robertson has received and is dependent on institutional psychiatric care.

8. Prior to the Fall of 2024, Robertson benefitted from stable, long-term relationships with and regular access to mental health counselors. Beginning in the Fall of 2024, the

Defendants and other SCDC officials made staffing changes or other administrative decisions to frequently rotate mental health counselors in and out of the facility where Robertson is housed. These decisions have deprived Robertson of the ability to establish stable, long-term relationships with mental health counselors. The lack of continuity and frequent turnover in mental health counselors has and continues to cause Robertson harm.

9. For a time, Robertson was prescribed and received the prescription medications Pristiq and Seroquel IR (immediate release). During this period, Robertson was noted to have improved symptoms. Robertson found the combination of Pristiq and Seroquel IR useful for treating both his psychiatric illness and because they helped him sleep regularly.

10. In or about February 2025, the Defendants and other SCDC officials removed Seroquel IR from its formulary and replaced it with Seroquel XR (extended release). Upon information and belief, Seroquel IR was not only removed from the SCDC formulary but placed in a category of off-formulary medications that cannot be prescribed by SCDC physicians under any condition.

11. Robertson initially tried Seroquel XR, but experienced unwanted side effects, and found the combination of Pristiq and the XR formulation did not provide the same benefits as the combination of Pristiq and the IR formulation. As a result, Robertson discontinued Seroquel XR and eventually Pristiq. Robertson's psychiatric illness and mental health subsequently deteriorated to the point where he actively sought to be executed.

12. The removal of Robertson's access to Seroquel IR marks the third time during his incarceration that changes have been made to the SCDC formulary that resulted in Robertson losing access to prescription medications that provided Robertson relief and successfully treated his psychiatric illness. Robertson's symptoms were previously

controlled with Gabapentin until it was removed from the SCDC formulary in or about 2015. Likewise, Robertson was successfully treated with Robaxin for a period until that medication was also removed from the SCDC formulary.

13. Robertson has repeatedly inquired about availability of Seroquel IR but has been told that is no longer available to be prescribed by SCDC providers under any circumstance and as such, any complaint or formal grievance would be futile.

**COUNT I - CRUEL AND UNUSAL PUNISHMENT**

14. Every allegation is incorporated as if set forth verbatim.

15. “Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment and includes indifference ... manifested by prison doctors in their response to the prisoner's needs ... in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed[.]" *Erickson v. Pardus,* 551 U.S. 89, 90 (2007 (per curium), quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). “Allegations that a defendant has subjected the plaintiff to an unreasonable risk of serious damages to his future health, as well as his present health, are actionable under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 33 (1993).

16. Robertson was and is subjected to cruel and unusual punishment and deprived of the basic human right of adequate medical care and treatment while in SCDC custody through its failure to treat his objectively serious medical condition.

17. The Defendants removed Robertson’s access to Seroquel IR without the recommendation of any health care provider and without any specific evidence of abuse was deliberate indifference and not a dispute between acceptable treatments.

18. With knowledge of Robertson's serious medical condition, Defendants acted with culpable and deliberate indifference to Robertson's medical condition and their knowing culpable and deliberate indifference resulted in grossly inadequate medical treatment being provided to Robertson. Defendants course of treatment was medically unacceptable under the circumstances and chosen in conscious disregard of the excessive risks it posed to Robertson.

19. As a direct and proximate result of the cruel and unusual punishment inflicted on Robertson, he has suffered and continues to suffer very serious or extreme damage to his mental health resulting in psychological distress.

Having set forth his Complaint, Robertson respectfully requests judgment against the Defendants as follows:

a. A declaration that Defendants' conduct violates the Eighth Amendment;

b. Both a preliminary and permanent injunction requiring restoration of constitutionally adequate mental-health treatment, in the form of (a) restoring Robertson's continued and regular access to mental health counselors with whom he can form long-term relationships, and (b) restoration of his access to Seroquel IR or Gabepentin.

c. An award of reasonable attorneys' fees, expenses, and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d), subject to the limitations of 42 U.S.C. § 1997.

d. Such other and further relief as the Court may deem just and proper.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

*/s/Jeremy C. Hodges*
Jeremy C. Hodges (Fed. ID No. 9238)
Jonathan Knicely (Fed. ID. No. 12103)

NELSON MULLINS RILEY &
SCARBOROUGH, LLP
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, South Carolina 29201
Telephone: (803) 799-2000
Email: jeremy.hodges@nelsonmullins.com
jonathan.knicely@nelsonmullins.com

*Attorneys for Plaintiff James D. Robertson*

Columbia, SC

Dated: August 31, 2026.

**Kelli Martin**

| | |
|---|---|
| **From:** | SCDEfilingstat@scd.uscourts.gov |
| **Sent:** | Monday, August 31, 2026 11:50 AM |
| **To:** | scd_ecf_nef@scd.uscourts.gov |
| **Subject:** | Activity in Case 2:26-cv-03773-TMC-MGB Robertson v. Anderson et al Complaint |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of South Carolina**

## Notice of Electronic Filing

The following transaction was entered on 8/31/2026 at 11:49 AM EDT and filed on 8/31/2026

| | |
|---|---|
| **Case Name:** | Robertson v. Anderson et al |
| **Case Number:** | 2:26-cv-03773-TMC-MGB |
| **Filer:** | James Robertson |
| **Document Number:** | 1 |

**Docket Text:**
**COMPLAINT against Joel Anderson, Lydell Chestnut, Andrew Hedgepeth ( Filing fee $ 405 receipt number ASCDC-13361098.), filed by James Robertson. Service due by 11/30/2026(dgar)**

**2:26-cv-03773-TMC-MGB Notice has been electronically mailed to:**

Jeremy Cook Hodges jeremy.hodges@nelsonmullins.com, kelli.martin@nelsonmullins.com

Jonathan Mark Knicely jonathan.knicely@nelsonmullins.com, lisa.shumpert@nelsonmullins.com, stephanie.baxley@nelsonmullins.com

**2:26-cv-03773-TMC-MGB Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=8/31/2026] [FileNumber=13305200-0] [1e717362c78275712c0ec94c6857ea3f79308e1df93e275bebea3a0b4aea0e2e02bbb6994c663d485a7314eb607f1501d5d068599e2a677afcaba0e3aecf67c8]]