IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JAMES D. ROBERTSON, #5067<br><br>Petitioner,<br><br>v.<br><br>JOEL ANDERSON, Commissioner, South Carolina Department of Corrections, and LYDELL CHESTNUT, Deputy Warden, Broad River Correctional Secure Facility,<br><br>Respondents. | ) | **2:11-cv-00063-TMC-MGB**<br><br>CAPITAL CASE |

**PETITIONER'S RESPONSE TO TEXT ORDER**

As directed by this Court's Text Order entered September 9, 2026 (ECF No. 311), Petitioner James D. Robertson, through undersigned appointed counsel, respectfully requests that the stay of these proceedings should remain in effect pending resolution of *Robertson v. Anderson*, No. 2:26-cv-3773-TMC-MGB (D.S.C.).

Mr. Robertson filed his federal habeas petition on January 7, 2011, and this Court stayed these proceedings on April 8, 2011, so that he could exhaust claims in a successive state post-conviction action. ECF No. 44. The state action concluded in March 2025. ECF No. 225. On March 31, 2025, Mr. Robertson wrote to this Court asking to relieve his counsel and withdraw his petition so that he could be executed. ECF No. 234. In May 2026, this Court held a sealed evidentiary hearing on Mr. Robertson's motion. ECF No. 283. Mr. Robertson withdrew the motion the following month, explaining that he had decided to seek renewal of his mental health medication through a civil rights action instead, and the Court dismissed his motion to proceed *pro se* as moot.

ECF Nos. 300, 301. On August 31, 2026, Mr. Robertson filed an action under 42 U.S.C. § 1983 seeking restoration of constitutionally adequate mental-health treatment, which remains pending. *Robertson v. Anderson*, No. 2:26-cv-3773-TMC-MGB (D.S.C.); ECF No. 310.

The Court asks how Mr. Robertson's case under Section 1983 bears on the habeas litigation. The answer is that the outcome of the Section 1983 litigation will likely determine whether there is habeas litigation to conduct. Mr. Robertson withdrew his motion to proceed *pro se* and withdraw his habeas petition in order to pursue his previously prescribed medication instead. ECF No. 300. If Mr. Robertson obtains his medication, this case can proceed to the merits in the ordinary course. If he does not, there is a substantial likelihood that he will renew his request to withdraw the petition, and this Court will be required to determine for a second time whether he is competent to remove counsel and withdraw his habeas petition, and whether his decisions to do so are knowing and voluntary.

That prospect is what makes a continued stay the course that best promotes judicial economy. Lifting the stay now would set in motion substantial work that may ultimately prove unnecessary, depending on the outcome of the Section 1983 litigation. If the stay is lifted, the parties would need to supplement the federal record with the materials generated in fifteen years of successive post-conviction litigation. Petitioner would have to amend a petition that was filed in January 2011. Respondents would renew or replace a summary judgment motion filed in March 2011. All of this could ultimately be unnecessary if Mr. Robertson files a renewed motion to withdraw his habeas petition. This Court has the authority to avoid that potential for unnecessary expenditure of time and resources. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Should the Court instead lift the stay, Petitioner requests thirty days for Respondent to supplement the federal record with the materials from the successive state action, and an additional sixty days for Petitioner to file an amended habeas petition. Given, as this Court has recognized, "the change in Petitioner's appointed counsel and the convoluted procedural posture of this case," ECF No. 311 (Text Order), ninety days is an appropriate period to supplement the record and amend the habeas petition to incorporate the developments stemming from fifteen years of state-court litigation.

For these reasons, Petitioner respectfully requests that the stay continue pending resolution of *Robertson v. Anderson*, with further status report at such interval as the Court deems appropriate, or, in the alternative, that the Court order Respondent to supplement the federal record within 30 days and for the Petitioner to amend the petition within sixty days thereafter.

This, the 21st day of October, 2026.

/s/ Teresa L. Norris
TERESA L. NORRIS #6447
Assistant Federal Public Defender

Capital Habeas Unit
For the Fourth Circuit
129 West Trade Street, Suite 300
Charlotte, NC 28202
(980) 378-5105
Teresa_Norris@fd.org

JOHN G. BAKER
Federal Public Defender for the
Western District of North Carolina

GERALD W. KING, JR.
Chief, Capital Habeas Unit
For the Fourth Circuit

EMILY C. PAAVOLA #11488
900 Elmwood Ave., Suite 200
Columbia, SC 29201
(803) 834-0835
Emily@justice360sc.org

Counsel for the Petitioner.

## CERTIFICATE OF SERVICE

I, Teresa L. Norris, do hereby certify that I have this date served Petitioner's Response to Text Order in the foregoing action on the Respondents and Independent Counsel by filing the same in the Electronic Case File System.

/s/ Teresa L. Norris
Teresa L. Norris, Fed. ID #6447
Assistant Federal Public Defender

Capital Habeas Unit for the Fourth Circuit
Federal Public Defender
Western North Carolina, Inc.
129 W. Trade Street, Suite 300
Charlotte, NC 28202
Telephone: (980) 378-5105
Teresa_Norris@fd.org

October 21, 2026.